IN THE UNITED STATES DISTRCIT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMA WHARTON | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| | * | Case 1:21-cv-01867-RDB |
| CHIEF MELISSA R. HYATT, | * | |
| BALTIMORE COUNTY | * | |
| OFFICER HANN, and | * | |
| OFFICER MEE et al | * | |
| Defendants | * | Civil Action No. RDB-21-1867 |
| | * | |
| | * | |
| | * | JURY TRIAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT
### (Monetary Damages)

The Plaintiff, NORMA WHARTON, by and through her attorney, Kathryn Freed-Collier, Esq, hereby bring this suit against the Defendants, CHIEF MELISSA R. HYATT, BALTIMORE COUNTY, OFFICER HANN, and OFFICER MEE, jointly and severally for monetary damages and other relief, exercises her right to Judicial Review, and the Plaintiff respectfully Amends her Complaint to drop BALTIMORE COUNTY PRECINCT #8, and to add BALTIMORE COUNTY to the instant complaint, and correct numbering of paragraphs, and Plaintiff avers to this Honorable Court as follows:

### Jurisdiction and Venue

1. Plaintiff, NORMA WHARTON is an adult resident of the State of Maryland who resides in Baltimore County for more than three (3) years.

2. Defendants, CHIEF MELISSA R. HYATT, BALTIMORE COUNTY, OFFICER HANN, and OFFICER MEE (herein after referred to as "BALTIMORE COUNTY et al"), in the State of Maryland who operate and reside at all time relevant to this lawsuit in Baltimore County, Maryland.

1

3.      Jurisdiction and venue of this action is proper in Baltimore County, Maryland.

## **Factual Background**

4.      The averments of paragraphs 1-3 are incorporated herein by reference.

5.      That on or about June 18, 2018, Plaintiff called 911 to seek emergency assistance for a severe and painful attack of shingles which was attacked her right forehead, her right eye and the right side of her head.  As a result, Plaintiff was experiencing pain in her back, her legs, tremors and seizures resulting from the intensity of the combined pain. Plaintiff was in treatment for shingles; however she started convulsing with respiratory and gastroenterological symptoms as well as epileptic leg seizures

6.      That on June 18, 2018 two Police Officers, Defendant OFFICER HANN and OFFICER MEE, from the Defendant, BALTIMORE COUNTY  et al arrived at Plaintiff's residence in response to Plaintiff's 911 call for assistance.

7.      That Defendants OFFICER HANN and Defendant OFFICER MEE from BALTIMORE COUNTY et al questioned Plaintiff and attempted to force her to remain seated in the living room, rather than respond to her request for emergency medical assistance;

2

8.     That Plaintiff was in great pain and suffering and requested immediate assistance from Defendants, however, Defendants refused to respond in a timely manner, so Plaintiff collected her medical information and her purse and proceeded out of her residence to Defendants vehicle for transport to the hospital.

9.     That Plaintiff stood outside on the sidewalk in front of the first police vehicle and then waited for Defendants OFFICER HANN and OFFICER MEE from BALTIMORE COUNTY et al to transport her to the emergency room of the hospital, as no ambulance had arrived on the scene.

10.     That Defendants OFFICER HANN and OFFICER MEE from BALTIMORE COUNTY et al took possession of Plaintiff's purse and medical information, and hand cuffed Plaintiff, and placed her in the back seat of the police vehicle without regard for her ongoing medical emergency.

11.     That Defendants OFFICER HANN and OFFICER MEE from BALTIMORE COUNTY et al refused to transport Plaintiff's purse and medical information bag placed Plaintiff in Defendant OFFICER HANN's vehicle, while Defendant OFFICER MEE walked back to Plaintiff's residence with Plaintiff's purse and medical information.

12.     That Defendant OFFICER HANN from BALTIMORE COUNTY et al transported Plaintiff to Medstar Franklin Square Medical Center hospital.

13.     That Defendant OFFICER MEE from BALTIMORE COUNTY et al returned to

Plaintiff's residence, without permission or consent by Plaintiff, with Plaintiff's purse and

medical information, dropped the personal property of Plaintiff on the floor and walked through

the residence through the living room, the dining room and Plaintiff's bedroom though a closed

door, and searched the bedroom and the bathroom without consent of the Plaintiff, and without

probable cause to do so.

14.     That Plaintiff was handcuffed and extremely sick, and thought that she was dying,

however Defendant OFFICER HANN from BALTIMORE COUNTY et al  refused to respond

appropriately by driving slowly and refusing to turn on emergency lights or to make any effort to

recognize the Plaintiff's need for emergency medical assistance.

15.     That Defendant, OFFICER HANN from BALTIMORE COUNTY et al arrived at the

hospital, parked his vehicle, slowly removed Plaintiff from the vehicle, handcuffed, and

communicated with the hospital staff.

16.     That due to the erroneous communication by Defendant to the medical staff, OFFICER

HANN, from BALTIMORE COUNTY et al the hospital staff proceeded to mask Plaintiff,

handcuffed her ankles, while her hands were already handcuffed by Defendant and during the

process, Plaintiff's knees were wounded and bleeding and her head was struck, her medical

information and purse were not available, however Defendant OFFICER HANN from

BALTIMORE COUNTY et al offered his incorrect explanation for the four (4) wounds on

Plaintiff's knees and head and added false information as to Plaintiff's medical condition at the

same time that Plaintiff was suffering from seizures.  As a result, Plaintiff suffered unnecessary medical treatments and costs, as well as additional physical injury and psychological injury.

17.  That Plaintiff, filed a formal complaint with the BALTIMORE COUNTY et al Office on or about October, 2018, after becoming aware of what had happened (due to Plaintiff being heavily medicated and unable to ascertain what had happened to her), and Notice of Intent to Sue on June 20, 2019 to The Honorable Nancy K. Kopp, Department of the Treasurer, of the State of Maryland.

## Count 1 Negligence

18.     The averments of paragraphs 1-17 are incorporated herein by reference.

19.     That the Plaintiff, NORMA WHARTON relied upon her call to 911 to get emergency medical treatment;

20.  That rather than emergency medical assistance, Plaintiff was offered assistance from Defendants from BALTIMORE COUNTY et al who were not medically qualified to offer medical assistance;

21.    That Defendants from BALTIMORE COUNTY et al had the duty to provide medical

assistance that was properly licensed and certified by the State of Maryland;


22.    That Defendants from BALTIMORE COUNTY et al failed to adequately safeguard

Plaintiff, failed to adequately safeguard Plaintiff, provide quick response to an emergency

medical situation, failed to retrieve Plaintiff's medical information for her treatment, and caused

additional economic, physical and mental injury to Plaintiff at the time that she was in great pain

and suffering.


23.  That any reasonable prudent person would have reacted to a medical emergency with haste

and would have collected any medical information available to them for treatment, which would

be necessary to inform medical personnel for treatment of Plaintiff, at the hospital.


24.  That any reasonable prudent person would have not handcuffed a person requiring

emergency medical treatment who was having seizures, complaining of dying, and in excessive

pain.


25.  That defendants from BALTIMORE COUNTY et al acted negligently when they made

false statements to medical providers, without investigation regarding Plaintiff's medical need;


26.  The Defendants from BALTIMORE COUNTY et al operated in a negligent and careless

manner by (a) not providing medical emergency call for assistance, (b) failing to inform medical

staff of the nature of Plaintiff's request for medical assistance, and (c) injuring Plaintiff without

investigation as to whether or not Plaintiff was having seizures. (d)The Defendant from BALTIMORE COUNTY et al had a duty of care to transport Plaintiff in a safe and proper manner.

27. The Defendants' from BALTIMORE COUNTY et al negligence proximately caused the Plaintiff to suffer serious physical and emotional injuries, a loss to her professional reputation, employment loss, loss of income, loss of respect in the community, stress and anxiety, and has intermittent numbness in the fingers of right hand, arm, chest, neck, back, legs, knees, head, and to suffer great mental anguish, pain and suffering.

28. All of the injuries and losses suffered by Plaintiff, were proximtely and solely caused by the negligence of the Defendants, from BALTIMORE COUNTY et al without any negligence on the part of the Plaintiff.

29. That Defendants, OFFICER HANN and OFFICER MEE from BALTIMORE COUNTY et al acted as agents for Defendant BALTIMORE COUNTY et al, and under the theory of Respondent Superior acted within the scope of their authority, thereby impugning the harm done to Plaintiff, to Defendant from BALTIMORE COUNTY et al .

30. That the Plaintiff hereby requests this Honorable Court enter judgment in favor of the said Plaintiff, and against the Defendants, from BALTIMORE COUNTY et al jointly and severally, in the amount of Seventy-Thousand Dollars ($70,000.00) in compensatory damages and Two Hundred Thousand Dollars ($200,000.00) in Punitive damages, plus interest and court costs.

## Count 2.  ASSAULT and BATTERY

31.    The averments of paragraphs 1-30 are incorporated herein by reference.

32.    That Plaintiff was handcuffed and in extreme distress, and thought that she was dying, however Defendant OFFICER HANN from BALTIMORE COUNTY et al refused to respond appropriately by driving slowly and refusing to turn on emergency lights or to make any effort to recognize the Plaintiff's need for emergency medical assistance.

33.    That Defendant, OFFICER HANN from BALTIMORE COUNTY et al arrived at the hospital, parked his vehicle, slowly removed Plaintiff from the vehicle, handcuffed, and communicated with the hospital staff.

34.   As a result of the handcuffs, combined with seizures in the Police vehicle, and in the emergency room, Plaintiff was injured with four (4) wounds to her legs, and her head was struck by the Defendant OFFICER HANN's misdiagnosis, erroneous communication to hospital staff, resultant rough handling, additional unnecessary and injurious restraints placed on Plaintiff's feet, and mask placed over her head, while she convulsed thereby exacerbating her injuries and causing her to lose consciousness and block her memories of what had happened to her.

35.     That the Plaintiff hereby requests this Honorable Court enter judgment in favor of the said Plaintiff, and against the Defendants, BALTIMORE COUNTY et al jointly and severally, in the amount of Seventy-Thousand Dollars ($70,000.00) in compensatory damages and Two Hundred Thousand Dollars ($200,000.00) in Punitive damages, plus interest and court costs.

### Count 3.  False Imprisonment

36.     The averments of paragraphs 1-35 are incorporated herein by reference.

37.     That Defendants OFFICER HANN and OFFICER MEE from BALTIMORE COUNTY et al took possession of Plaintiff's purse and medical information, and hand cuffed Plaintiff, and placed her in the back seat of the police vehicle without regard for her ongoing medical emergency.

38.     That Defendants OFFICER HANN and OFFICER MEE from BALTIMORE COUNTY et al placed Plaintiff, NORMA WHARTON under arrest without cause, or substantial justification;

39.     That Plaintiff, NORMA WHARTON was not free to leave, nor advised of her rights, under color of law, although she was in a state of emergency medical assistance, and was falsely imprisoned in the back of the police vehicle without regard to her health or safety causing her to be injured.

40.     That Plaintiff, NORMA WHARTON, hereby requests this Honorable Court enter judgment in favor of the said Plaintiff, NORMA WHARTON and against the Defendants,

BALTIMORE COUNTY et al jointly and severally, in the amount of Seventy-Thousand Dollars ($70,000.00) in compensatory damages and Two Hundred Thousand Dollars ($200,000.00) in Punitive damages, plus interest and court costs.

## Count 4.  Defamation

41.     The averments of paragraphs 1-40 are incorporated herein by reference.

42.     That Defendant, from BALTIMORE COUNTY et al made the statements with actual knowledge that the statement was false, coupled with the intent to deceive another person by means of the statement and   1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff suffered harm. *Offen v. Brenner*, 402 Md. 191, 198, 935 A.2d 719, 723-24 (2007).

43.     That to establish a prima facie case of the common law tort of defamation in Maryland, a plaintiff must establish four elements: (A defamatory statement is one "which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the

community from having a good opinion of, or from associating or dealing with, that person."*Batson v. Shiflett*, 325 Md. 684, 722-23, 602 A.2d 1191, 1210 (1992). A false statement is one that is not substantially correct. Id. at 726, 602 A.2d at 1212.

44.     That Defendant, defamed Plaintiff, NORMA WHARTON, when Defendant OFFICER HANN from BALTIMORE COUNTY et al made defamatory statements to hospital staff , in incorrect diagnosis, which ignored her seizures.   Plaintiff suffered contempt by medical staff as a result, thereby discouraging medical personnel from questioning the handcuffs on Plaintiff. When Plaintiff was having seizures, restraints were placed on her hands, feet and face, hooding her and due to Defendant OFFICER HANN's false statements, misdiagnosed her medical needs which caused further harm to Plaintiff beyond her initial physical emergency, to include additional injuries to her wounded legs, and head by the rough treatment that resulted.

45.     That Defendant, OFFICER HANN from BALTIMORE COUNTY et al used his authority, under color of law,  and slandered Plaintiff, held Plaintiff up to public ridicule, scorn and contempt thereby discouraging others in the hospital from having a good opinion of Plaintiff, or associating or dealing with Plaintiff;

46.     That Defendant, BALTIMORE COUNTY et al though its agent Defendant, OFFICER HANN from BALTIMORE COUNTY et al made the statements with actual knowledge that the statement of the condition of the Plaintiff was false, coupled with the intent to deceive another person by means of the false statements.

11

47.     That Defendant, OFFICER HANN, from BALTIMORE COUNTY et al was acting in the scope of his authority as an officer of the BALTIMORE COUNTY et al.

48.     That Plaintiff, NORMA WHARTON, hereby requests this Honorable Court enter judgment in favor of the said Plaintiff, NORMA WHARTON and against the Defendants, BALTIMORE COUNTY et al jointly and severally, in the amount of Seventy-Thousand Dollars ($70,000.00) in compensatory damages and Two Hundred Thousand Dollars ($200,000.00) in Punitive damages, plus interest and court costs.

**Count 5. Trespass** and
**Count 6.  Maryland Declaration of Rights Article 26**
**(Prohibition of Unreasonable Searches and Seizures)**

49.     The averments of paragraphs 1-48 are incorporated herein by reference.

50.     That Defendant OFFICER MEE from BALTIMORE COUNTY et al returned to Plaintiff's residence, without permission or consent by Plaintiff, with Plaintiff's purse and medical information, dropped the personal property of Plaintiff on the floor and walked through the residence through the living room, the dining room and Plaintiff's bedroom though a closed door, and searched the bedroom and the bathroom without consent of the Plaintiff, and without probable cause to do so.

51.  That Defendant OFFICER MEE from BALTIMORE COUNTY et al spent a considerable time trespassing in the residence of Plaintiff, opening doors, entering rooms, and searching for unknown items.

52.   That Defendant, OFFICER MEE from BALTIMORE COUNTY et al set off the intruder alarm, and then unplugged it, and left it off, without permission of the Plaintiff;

53.   That Defendant, OFFICER MEE from BALTIMORE COUNTY et al was asked to place the Plaintiff's purse, and medical information in the trunk of the Police vehicle, in order to give Medical staff at the hospital an understanding of the medical condition of Plaintiff, however, Defendant OFFICER MEE from BALTIMORE COUNTY et al took the aforesaid purse and medical information out of the trunk of the vehicle, and went to the residence of the Plaintiff, where he entered without permission, and threw the purse and medical bag onto the floor without regard to it's contents' fragility.

54.   That Plaintiff, NORMA WHARTN, hereby requests this Honorable Court enter judgment in favor of the said Plaintiff, NORMA WHARTON and against the Defendants BALTIMORE COUNTY et al, and its agent OFFICER HANN and OFFICER MEE, in the amount of Seventy-Thousand Dollars ($70,000.00) in compensatory damages and Two Hundred Thousand Dollars ($200,000.00)  in Punitive damages, plus interest and court costs.

## Count 7.  Intentional Infliction of Emotional Distress

55.   The averments of paragraphs 1-54 are incorporated herein by reference.

56.   That Defendant, BALTIMORE COUNTY et al, by it's agents OFFICER HANN and OFFICER MEE made the false statements with actual knowledge that the complaint was false, coupled with the intent to deceive another person by means of the false statement.

13

57.     That Plaintiff, NORMA WHARTIN was in pain, great distress and asking for medical assistance while she believed that she was dying.

58.     That the Defendants, OFFICER HANN and OFFICER MEE from BALTIMORE COUNTY et al ignored her requests for medical assistance, and instead caused a delay in responding to her medical need by refusing to provide her with her purse and medical information, refusing to make haste to get her to medical help, handcuffing her, placing her in the back of the Police vehicle.

59.  That as a result of the treatment by Defendants OFFICER HANN and OFFICER MEE, from BALTIMORE COUNTY et al Plaintiff suffered medical injuries on her knees, and her head, and additional medical bills and treatment due to the Defendants' BALTIMORE COUNTY et al actions.

60.     That Plaintiff, NORMA WHARTON, hereby requests this Honorable Court enter judgment in favor of the said Plaintiff, NORMA WHARTON and against the Defendants BALTIMORE COUNTY et al, and its agent OFFICER HANN and OFFICER MEE, in the amount of Seventy-Thousand Dollars ($70,000.00) in compensatory damages and Two Hundred Thousand Dollars ($200,000.00)  in Punitive damages, plus interest and court costs.

**Count 8:  Maryland Declaration of Rights Article 24 (Guarantee of Due Process)**

61.     The averments of paragraphs 1-60 are incorporated herein by reference.

62.     That Plaintiff was placed under arrest, in handcuffs, without probable cause, or an arrest warrant.

63.     That the Due Process clause of the US Constitution requires adequate due process and no due process was provided by Defendants BALTIMORE COUNTY et al;

64.     That it is well settled law according to *Strivers v. Pierce* 71, F.3d 732, 741 (9th Circ. 1995) "...that the due process clause requires...a fair trial in a fair tribunal."

65.     That Plaintiff, NORMA WHARTON was denied due process, arrested and held when she requested emergency medical treatment because she was in such pain that she thought she was dying.

66.     That Plaintiff, NORMA WHARTN, hereby requests this Honorable Court enter judgment in favor of the said Plaintiff, NORMA WHARTON and against the Defendants BALTIMORE COUNTY et al, and its agent OFFICER HANN and OFFICER MEE, in the amount of Seventy-Thousand Dollars ($70,000.00) in compensatory damages and Two Hundred Thousand Dollars ($200,000.00) in Punitive damages, plus interest and court costs.

## Count 9. 42 USC § 1983 (1988)

67.     The averments of paragraphs 1-66 are incorporated herein by reference.

68.   That at all times, Defendants OFFICER HANN and OFFICER MEE from BALTIMORE COUNTY et al were acting under color of law, as officers of the Defendant, BALTIMORE COUNTY et al.

69.   That the Plaintiff, NORMA WHARTON was deprived of her rights, privileges or immunities secured by the Constitution or the laws of the United States.

70.   That state action was accomplished, when the Defendants BALTIMORE COUNTY et al acted with the appearance of authority by placing the Plaintiff in handcuffs and putting her in their police vehicle.

71.   That state action was accomplished, when the Defendant, OFFICER MEE from BALTIMORE COUNTY et al entered the premises without a warrant or probable cause and proceeded to search the contents, opening doors and searching the entire residence.

72.   That state action was accomplished when Plaintiff was transported to the hospital, and the Defendant, OFFICER HANN from BALTIMORE COUNTY et al discussed Plaintiff's medical needs with staff at the hospital, without regard to her medical condition or underlying condition.

73.   That state action was accomplished when Plaintiff's personal property in her purse and medical information was purposely left behind and thrown on the floor of her residence.

74.   That state action was accomplished when Plaintiff's alarm system was activated by Defendant, OFFICER MEE, from BALTIMORE COUNTY et al and then unplugged.

75.   The Defendants, OFFICER HANN and OFFICER MEE from BALTIMORE COUNTY et al violated the 4th Amendment (unreasonable search and seizure).

76.   The Defendants, OFFICER HANN and OFFICER MEE from BALTIMORE COUNTY et al violated the 14th Amendment (guarantee against deprivations of life, liberty or property without due process of law).

77.   That Plaintiff was wrongfully arrested by Defendant, BALTIMORE COUNTY et al;

78.   That Plaintiff was injured mentally, physically and economically during a wrongful arrest by Defendant BALTIMORE COUNTY et al;

79.   That the Plaintiff was deprived of her Constitutional rights by Defendant, BALTIMORE COUNTY et al under color of law, without due process and in so doing, Defendant violated 42 USC § 1983 (1988).

80.   That Plaintiff, NORMA WHARTON had to expend reasonable and necessary legal fees, in excess of ten thousand dollars ($10,000.00) to pursue her instant case;

81.   That Plaintiff, NORMA WARTON had to pay court costs and fees to pursue her instant case;

82.   That Plaintiff, NORMA WHARTON, hereby requests this Honorable Court enter judgment in favor of the said Plaintiff, NORMA WHARTON and against the Defendants BALTIMORE COUNTY et al, and its agent OFFICER HANN and OFFICER MEE, in the amount of Seventy-Thousand Dollars ($70,000.00) in compensatory damages and Two Hundred Thousand Dollars ($200,000.00) in Punitive damages, plus interest and court costs.

amount of Seventy-Thousand Dollars ($70,000.00) in compensatory damages and Two Hundred Thousand Dollars ($200,000.00)  in Punitive damages, plus interest and court costs.

WHEREFORE,  Plaintiff,  NORMA  WHARTON  respectfully  requests  this Honorable Court enter judgment in favor of the said Plaintiff, NORMA WHARTON and against the Defendants, BALTIMORE COUNTY POLICE DEPARTMENT PRECINCT #8, PARKVILLE et al, in the amount of Six-Hundred-Thirty-Thousand Dollars ($630,000.00) in  compensatory  damages  and  One  Million-Eight  Hundred-Thousand  Dollars ($1,800,000.00)  in Punitive damages, plus interest and court costs.

### AFFIDAVIT

*I SOLUMNLY SWEAR that the above facts as alleged are true to the best of my knowledge, information and belief.*

NORMA WHARTON

Plaintiff

Respectfully submitted,

Kathryn Freed-Collier, Esq.
Attorney for Plaintiff
The Clyfford Still House
P.O. Box 111
New Windsor, Maryland  21776
Phone: 410-875-5322
Email:  KathrynFreed@aol.com
CPF #010200087

_Kathryn Freed-Collier, Esq._
Attorney for Plaintiff

## **CERTIFICATION**

I HEREBY CERTIFY that on this _____ day of August, 2021, I mailed US Postage Pre-Paid Mail, to the Defendant this AMENDED COMPLAINT, to the Defendant, care of its attorney

Jordan V. Watts, Jr.

Baltimore County Office of Law

400 Washington Avenue

Towson, Maryland 21204

And

To the Clerk of the United States District Court for the District of Maryland

101 West Lombard Street

Baltimore, Maryland 21201

Courtesy Copy to:  Honorable Judge  Richard D. Bennett

101 West Lombard Street

Baltimore, Maryland 21201

_Kathryn Freed-Collier, Esq._